UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN REILLY et al., <br><br> Plaintiffs, <br><br> -against- <br><br> THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT'S BUILDING MAINTENANCE SECTION, <br><br> Defendants. | 23-CV-521 (AS) <br><br> <u>OPINION & ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Over 70 plaintiffs and opt-in plaintiffs bring this action against their current or former employers, the City of New York and the New York City Police Department's (NYPD) Building Maintenance Section (BMS), under the Fair Labor Standards Act (FLSA). Plaintiffs moved for conditional certification of a FLSA collective action under 29 U.S.C. § 216(b) and for approval of a collective action notice. After Plaintiffs made their motion, the parties conferred and agreed to most of Plaintiffs' requested relief. There are two disputed issues for the Court to decide: whether Plaintiffs may provide notice to potential opt-ins via text message and whether Plaintiffs may send reminder notices.

## DISCUSSION

First, Plaintiffs request that Defendants produce last known mobile telephone numbers so they can provide notice by text message. Defendants say that Plaintiffs "have not adequately explained why" text message notification is necessary, particularly given that a large percentage of the putative collective "is already aware of the present lawsuit" and has "already opted into the matter." Dkt. 124 at 3. The Court declines to permit text message notification because Plaintiffs have not shown that such notification is warranted. Plaintiffs argue that "many potential plaintiffs may have changed residences since their employments with Defendants ended." Dkt. 107 at 22; *see also* Dkt. 127 at 2. But this concern is addressed by Defendants' consent to Plaintiffs sending notice via email.

Plaintiffs also say that "Defendants and their supervisory personnel routinely used the Plaintiffs' and putative opt-in Plaintiffs' personal cell phones to communicate [with] them on a regular basis about work-related assignments and notices." Dkt. 127 at 2. But every opt-in plaintiff to submit an affidavit in support of Plaintiffs' motion said that Defendants communicated with them through *both* text message and email. Dkts. 108 to 116. So this too does not explain why text

1

message notification is necessary when Defendants have already consented to notification via email.

Plaintiffs cite *Pierre v. City of New York*, 2022 WL 4482295 (S.D.N.Y. Sept. 27, 2022), in support of their argument that text message notification is appropriate. But there, Magistrate Judge Figueredo denied the plaintiffs' request to "disseminate notice via text message," because the plaintiffs had not "not demonstrated that the three other methods of notice," which included email, "would be insufficient to effectuate notice to potential plaintiffs in the class, such that notice via text message to the personal cell phone numbers of potential class members is also required." *Id.* at *8. Here too, no such showing has been made. While text message notification can be appropriate in some cases, Plaintiffs have failed to show that first-class mail, email, and workplace posting would not be sufficient to effectuate notice. *See Turban v. Bar Giocosa Corp.*, 2019 WL 3817338, at *1 (S.D.N.Y. Aug. 14, 2019); *Tanski v. Avalonbay Communities, Inc.*, 2017 WL 10858910, at *20 (E.D.N.Y. Mar. 31, 2017).

Second, Plaintiffs request that they be permitted to provide reminder notices to potential opt-ins 30 days after the original notice. Plaintiffs say that the "reminder notice will help ensure any potential collective members who have not yet opted into the case are fully aware of the impending deadline for their response." Dkt. 107 at 21. "The weight of caselaw in the Second Circuit has in recent years moved towards approval of reminder notices in light of the remedial purpose of the FLSA. The modern-day volume of information to which even ordinary citizens are subject makes such a notice helpful and mitigates the risk that it will be perceived as badgering." *Mangahas v. Eight Oranges Inc.*, 2022 WL 10383029, at *9 (S.D.N.Y. Oct. 18, 2022) (cleaned up) (collecting cases). The Court agrees that a reminder notification is appropriate here.

Defendants say that reminders can be interpreted as encouragement by the Court and "should [not] be authorized in order to maintain the Court's impartiality." Dkt. 124 at 3. To address this concern, the Court requires that Plaintiffs include a final sentence in any reminder notice that states: "The Court neither encourages nor discourages participation in the lawsuit." *See Mangahas*, 2022 WL 10383029, at *10.

Based on the foregoing and the parties' agreement, the Court rules as follows:

1. The collective group of potential plaintiffs in this matter shall consist of:

    > Current and former hourly trade workers assigned to the New York City Police Department's Building Maintenance Section, including, but not limited to, carpenters, plumbers, electricians, painters, laborers, sheet metal workers, masons, maintenance workers, thermostat repair technicians, project managers, and/or employees assigned to the New York City Police Department's Building Maintenance Section with a different titles or trades but who performed the same or similar duties as other trade workers identified herein, who during the applicable FLSA limitations period, performed any work for any of the Defendants, and who consent to file a claim to recover damages for: (1) overtime compensation that is

   legally due to them; and/or (2) liquidated damages that are legally due to them ("FLSA Plaintiffs").

2. Within 30 days of this order, Defendants must produce a computer-readable data file containing the names, last known mailing addresses, all known email addresses, trade designation, and dates of employment of all potential collective action members who worked for Defendants at any point from January 20, 2020, to the present.

3. Defendants shall post the notice at the BMS headquarters, located at 50–98 59th Place, Woodside, New York 11377.

4. Defendants shall separately post the notice in each trade shop's office within the BMS headquarters.

5. Plaintiffs may disseminate notice via regular mail, e-mail, and by posting on Plaintiffs' counsel's website for electronic submission of consent-to-join forms, as applicable, and permitting a sixty-day notice period.

6. Plaintiffs may disseminate a reminder notice thirty days after the original mailing of notice.

7. Equitable tolling will run from July 23, 2024.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification and for approval of a collective action notice is GRANTED in part and DENIED in part. Notice consistent with this order may be issued and posted in the manner described above.

The Clerk of Court is directed to terminate Dkt. 106.

SO ORDERED.
Dated: August 7, 2024
   New York, New York

ARUN SUBRAMANIAN
United States District Judge

3