

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

(212) 356-0839
zellis@law.nyc.gov

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

July 6, 2025

**Via CM/ECF**
Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

    Re:    *Reilly*, et al. v. *City of New York*, et al.
            Case No. 1:23-CV-00521-AS-VF
            Law Dep't File No. 2023-007162

Dear Judge Subramanian:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing Defendants, the City of New York and the New York City Police Department's Building Maintenance Section (collectively, "Defendants"), in the above-referenced action. On June 25, 2025, Defendants filed a letter-motion in which they respectfully requested that the Court:

(1) set a deadline for collective-wide fact and expert discovery;

(2) briefly extend the deadline for summary-judgment motions;

(3) compel Plaintiffs to respond to Defendants' First Set of Interrogatories and First Requests for the Production of Documents;

(4) compel the ten individuals—nine Plaintiffs and Plaintiffs' forensics expert—who have been noticed for deposition by Defendants to sit for their depositions; and

(5) extend the deadline for Defendants to produce their Rule 30(b)(6) witnesses by two weeks, from June 25, 2025, until and including July 9, 2025.

---

In its order at Dkt. 163, the Court informed the parties that the summary judgment deadlines in Dkt. 159 "will not be moved for any reason whatsoever, including but not limited to the belated request to take further discovery." As a courtesy, the summary judgment deadlines are extended by 10 days. The parties should direct any remaining discovery issues to Magistrate Judge Figueredo to be resolved given this updated summary judgment schedule. The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 170 and 172.

SO ORDERED.

*/s/ Arun Subramanian*
Arun Subramanian, U.S.D.J.
Date: July 7, 2025

On July 1, 2025, the Court, per Magistrate Judge Valerie Figueredo, granted Defendants' request for an extension of time to produce their Rule 30(b)(6) witnesses, until and including July 9, 2025, but then terminated Defendants' letter-motion of June 25, 2025, without issuing any ruling on the other requests therein.

Undersigned counsel has advised Plaintiffs' counsel that Joseph Lodispoto, Executive Director of the NYPD Payroll and Benefits Division, is available for a deposition on July 9, 2025, and that he will be prepared to discuss some of the compensation-related topics in Plaintiffs' Rule 30(b)(6) deposition notice. Defendants will be designated another witness to discuss the other topics in Plaintiffs' Rule 30(b)(6) deposition notice.[1]

However, given the importance of these witnesses' testimony, if Defendants produce their Rule 30(b)(6) witnesses for a deposition on Wednesday, July 9, 2025, it will obviously not be possible for Defendants to file their motion for summary judgment the very next day, July 10, 2025. It will take a couple of weeks for the transcripts of those depositions to become available, and undersigned counsel will then need some additional time to incorporate the contents thereof into Defendants' moving papers, which will then need to be reviewed both internally and by the client.

Furthermore, Defendants note the patent unfairness and extreme prejudice to their case if Defendants are required to produce Rule 30(b)(6) witnesses for Plaintiffs while Plaintiffs refuse to sit for any depositions in this case. Indeed, Defendants' deposition notices of Plaintiffs and their forensic expert were served on Plaintiffs' counsel <u>before</u> Plaintiffs served their Rule 30(b)(6) deposition notice on undersigned counsel. Accordingly, Defendants re-new their requests "(1)," "(2)," "(3)," and "(4)" in their original letter-motion of June 25, 2025. Defendants propose the following highly expedited collective-wide discovery schedule: fact discovery to be completed by July 18, 2025, expert discovery to be completed by July 25, 2025, and motions for summary judgment, if any, to be filed by July 31, 2025.

Plaintiffs consent to Defendants' request to extend the time for the parties to submit a summary-judgment motion until and including July 31, 2025, but are opposed to all other relief sought herein.

I. **Collective-Wide Fact and Expert Discovery Deadlines and Defendants' Discovery Requests**

Plaintiffs have apparently taken the position that "[d]iscovery in this matter has been closed since the fall of last year." To be clear, pursuant to the Case Management Plan so-ordered by the Court on June 26, 2023, fact discovery closed on April 15, 2024, and expert discovery closed on August 13, 2024. *See* ECF No. 84. However, the deadlines in the Court's June 26, 2023, Case Management Plan became moot after Plaintiffs filed their motion for conditional certification on

---

[1] Defendants are still working to confirm the availability of that other witness to sit for a deposition in this case, which confirmation has been complicated by the intervening holiday. Defendants will request an extension of time to produce this other Rule 30(b)(6) witness for a deposition if necessary, and after conferring with Plaintiffs' counsel.

July 2, 2024, *see* ECF No. 106, which motion this Court granted on August 7, 2024, *see* ECF No. 128. After all, the opt-in period for conditional certification did not end until December 2024, many months *after* the aforementioned discovery deadlines.

To date, the Court has not entered a Case Management Plan for collective-wide fact and expert discovery, and Defendants' respectfully request that the Court use the following expedited discovery schedule: fact discovery to be completed by July 18, 2025, expert discovery to be completed by July 25, 2025, and motions for summary judgment, if any, to be filed by July 31, 2025. This is Defendants' first request for this relief. This proposed discovery schedule would allow the parties to expeditiously conduct the necessary collective-wide fact and expert discovery, without which Defendants would suffer grave prejudice, while extending the July 10, 2025, deadline for summary-judgment motions by only a very limited period of time.

To be sure, given the leniency of the standard for conditional certification under the Fair Labor Standards Act of 1938 ("FLSA"), Defendants decided not to take pre-certification discovery. Indeed, Defendants did not even oppose conditional certification in this case, though they did partially oppose Plaintiffs' proposed notification methods. Surely, a defendant-employer is within its right to, in the interest of efficiency and for the sake of economy, choose to limit their discovery efforts primarily to the post-conditional certification stage in an FLSA case, as Defendants have done here. Defendants should not be penalized for not taking collective-wide discovery before a collective even existed.

Furthermore, Defendants note that, on June 5, 2024, Plaintiffs filed a letter-motion for a discovery conference to rectify alleged deficiencies in Defendants' discovery responses; specifically, Plaintiffs moved "to compel Defendants to provide discovery responses addressing deficiencies outlined in Plaintiffs' deficiency letter and to produce relevant documents by firm deadlines set by the Court." ECF No. 102 at 3. Defendants did not oppose that motion as untimely. Furthermore, the Court, per Magistrate Judge Figueredo, held a discovery conference and granted Plaintiffs' letter-motion on June 18, 2024. *See* ECF No. 104. Magistrate Judge Figueredo held a second discovery conference on December 2, 2024, at which time Defendants discussed additional documents that they would be producing in this case and the anticipated timeline for said production. *See* ECF No. 142. In addition, Plaintiffs served Defendants with a supplemental expert report and damages calculation on February 7, 2025. Then, as noted above, on June 3, 2025, Plaintiffs filed a letter-motion to compel Defendants' 30(b)(6) witness(es) to appear for deposition(s) on or prior to June 25, 2025, which letter-motion was also granted by the Court on June 4, 2025. Finally, Defendants note that they served their deposition notices on Plaintiffs *before* Plaintiffs served their Rule 30(b)(6) deposition notice on Defendants.

It would, therefore, appear that Plaintiffs believe that discovery has closed for Defendants but not for them.

In sum, Defendants respectfully request that the Court: (1) set a deadline for collective-wide fact and expert discovery, (2) briefly extend the deadline for a summary-judgment motion, (3) compel Plaintiffs to respond to Defendants' First Set of Interrogatories and First Requests for the Production of Documents, and (4) compel the ten individuals—nine Plaintiffs and Plaintiffs' forensics expert—who have been noticed for deposition by Defendants to sit for their depositions.,

Respectfully submitted,

/s/
ZACHARY T. ELLIS
Assistant Corporation Counsel

4