UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN REILLY, et al.,

                              Plaintiffs,

               -against-

THE CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------------X

23-CV-00521 (AS) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Presently pending before the Court is Plaintiffs' request to sanction Defendants for failing to attend a scheduled mediation with settlement authority. ECF No. 165. For the reasons discussed below, the request for sanctions is **DENIED.**

      The instant dispute arises out of Defendants' conduct related to the parties' efforts to settle this case through this District's mediation program. On February 8, 2024, the parties sent a letter to the undersigned requesting a referral to mediation. ECF No. 91. On February 21, 2024, the parties were referred to the mediation program in this District, with instructions to "participate in the mediation in good faith." ECF No. 92. During a status conference on December 2, 2024, the parties notified the Court that that they were working towards scheduling a mediation. See ECF No. 157. The Court directed the parties to complete the mediation by March 31, 2025. Id.

      The parties scheduled a mediation session for March 6, 2025. ECF No. 165 at 2. On February 7, 2025, Plaintiffs submitted a damages report and formal settlement demand to Defendants, and Defendants then requested to postpone the mediation to the end of March. ECF No. 162 at 2. On March 6, 2025, Defendants informed Plaintiffs that they would need to reschedule the mediation to mid-April. ECF No. 165 at 2. Although the mediator shared their

availability for a mediation session in April and May, Defendants did not confirm their availability requiring the Court to order Defendants to "notify Plaintiffs of set-in-stone dates in April and May on which they were available for mediation." ECF No. 163 at 2. The Court further ordered the parties "to work in good faith to make a mediation work in [that] timeframe." Id. Defendants subsequently notified Plaintiffs that their first availability for a mediation would be June 4, 2025. ECF No. 165 at 2. The parties scheduled the mediation for June 4, 2025. Id.

At 11:59 p.m. on June 2, 2025, Plaintiffs received an email from Defendants, which was also sent to the mediator, stating that the June 4, 2025 mediation "will need to be re-scheduled" because counsel for Defendants would not receive settlement authority from the Comptroller's Office within the week. ECF No. 168-1. In response, the mediator indicated that he was "not inclined to allow a short-notice rescheduling" of the mediation, and proposed that "the mediation go forward." ECF No. 167-1. The mediator also stated that, "[a]t a minimum, Defendants' counsel should have the ability to discuss possible [settlement] ranges." Id. On June 3, 2025, Defendants' counsel confirmed that Defendants would attend the June 4 mediation session, but without settlement authority. ECF No. 167-1 at 2. Plaintiffs did not appear for the June 4 mediation session. ECF No. 167 at 1.

On June 3, 2025, the Court received a letter from Plaintiffs, seeking sanctions against Defendants in the form of the costs and fees incurred by Plaintiffs' counsel in connection with the two canceled mediations. ECF No. 165 at 1-2. On June 10, 2025, Defendants opposed Plaintiffs' request for sanctions. ECF No. 167. On June 12, 2025, Plaintiffs filed a letter in response. ECF No. 168.

While "[a] court may not require litigants to settle an action," it is "well-established that a court may require parties to appear for a settlement conference, and . . . it is entirely appropriate

for a court to impose sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure if a party fails to do so." Prometo Produce Corp. v. Produce Depot USA LLC, No. 21-CV-6131 (PGG), 2022 WL 488938, at *1 (S.D.N.Y. Feb. 16, 2022) (cleaned up) (internal quotation marks and citations omitted). The Court may also "impose appropriate sanctions for a party's failure to comply with a Court order." Id. Courts in this Circuit have imposed sanctions for appearing at a settlement conference without settlement authority where a court order explicitly directed the litigant to appear with decision-making authority and the party violated that order by appearing without a decision-maker or settlement authority. See, e.g., Lopez v. N.Y.C. Dep't of Educ., No. 17-CV-9205 (RA) (BCM), 2023 WL 12078787, at *4 (S.D.N.Y. May 4, 2023) (sanctioning defendant that was directed in a scheduling order to send a "decision-maker" with "responsibility for determining the amount of any ultimate settlement"); Negron v. Woodhull Hosp., 173 F. App'x 77, 79 (2d Cir. 2006) (summary order) (holding that the district court "properly required that the [h]ospital pay the expenses incurred in preparing for the mediation" where the mediator directed the hospital to bring a "principal" with settlement authority and the hospital failed to do so); Thrane v. Metro. Transp. Auth., No. 15-CV-7418 (FB) (LB), 2018 WL 840043, at *3-4 (E.D.N.Y. Feb. 12, 2018) (sanctioning party where the court ordered parties "to send someone with full settlement authority"); Grenion v. Farmers Ins. Exch., No. 12-CV-3219 (JS) (GRB), 2014 WL 1284635, at *2, *7 (E.D.N.Y. Mar. 14, 2014) (sanctioning party where a court order stated that "clients or other persons with full settlement authority must be present at this conference"); Zalisko v. MTA N.Y.C. Transit, No. 10-CV-0217 (DLC) (AJP), 2010 WL 3185685, at *1 (S.D.N.Y. Aug. 12, 2010) (sanctioning party where scheduling order indicated that "[c]ounsel attending the conference must have full settlement authority and their client(s) must be present at the conference"); see also Hamilton Int'l Ltd. v. Vortic LLC, No. 17-CV-5575

(AJN) (OTW), 2018 WL 5292128, at *2 (S.D.N.Y. Oct. 25, 2018) (explaining that sanctions may be awarded "without a finding of bad faith, and upon a finding that a party violated a pretrial order").

Although Federal Rule of Civil Procedure 16(f) gives the Court authority to sanction a party for appearing at a conference "substantially unprepared to participate," see Fed. R. Civ. P. 16(f)(1)(B), the Court is not aware of any case in this Circuit where a court imposed sanctions under Rule 16(f) and the sanctioned party had not violated a court order. In the few cases invoking Rule 16(f)(1)(B) in the context of a settlement conference, the party being sanctioned had violated a court order.[1] See, e.g., Thrane, 2018 WL 840043, at *4 n. 7 (noting that "while the magistrate judge sanctioned defendants for failure to participate in good faith under Rule 16 (f)(1)(B), the sanctions were also justified under Rule 16(f)(1)(C) because defendants violated the magistrate judge's order"); Abre Bautista v. Pagan-Rodriguez, No. 24-CV-631 (JMF) (BCM), 2025 WL 1616847, at *4 (S.D.N.Y. May 2, 2025) (imposing sanctions when defendant did not appear at conference with full authority where the court had issued a scheduling order instructing parties to appear with all required persons and had informed the parties that failure to do so could result in sanctions).

---

[1] The Court is only aware of one case where a court had issued a mediation referral order that directed participation "in good faith"—as ordered here—and subsequently sanctioned a party who appeared at the mediation without authority. See Negron, 173 F. App'x at 79. In Negron, however, the sanctioned party had violated the mediator's explicit instruction to appear at the mediation session with a principal with settlement authority. Id. at 78. The Second Circuit, in upholding the district court's award of sanctions, reasoned that the failure to bring a principal with settlement authority, as directed by the mediator, violated the district court's order "to participate in good faith in mediation." Id. It does not appear that the mediator here issued a similar express instruction, akin to the instruction in Negron. And although Defendants did not have settlement authority for the June 4 conference, they nevertheless did not violate the mediator's instruction to appear to "discuss possible [settlement] ranges." ECF No. 167-1.

Here, sanctions are inappropriate because Defendants have not violated a court order. There is no scheduling order in this case, and there is no other order relating to the scheduling of a settlement conference. Instead, the only order related to settlement is a mediation referral order that the Court issued on February 21, 2024, which directed the parties to "participate in the mediation in good faith." See ECF No. 92. That order, however, did not contain any directives about the substance of the mediation.

In each of the cases relied on by Plaintiffs, the court had issued an order for a settlement conference, directing the parties to appear with full settlement authority, and the party sanctioned had violated that order. See, e.g., Zalisko, 2010 WL 3185685, at *1 ("This Court's Order for Settlement Conference required . . . that counsel attending the conference must have full settlement authority") (internal quotation marks and citations omitted); Thrane, 2018 WL 840043, at *3 ("Magistrate Judge Lois Bloom had ordered both parties to send someone with full settlement authority."). As Defendants were never explicitly ordered to appear with full settlement authority, their failure to do so on June 4 was not a violation of a court order. Sanctions are thus inappropriate.

Accordingly, Plaintiff's request for sanctions is denied. The Clerk of Court is respectfully directed to terminate the letter motion at ECF No. 165.

**SO ORDERED.**

DATED:   New York, New York
         July 24, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge