UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Reilly et al,

Plaintiff,

-against-

The City of New York; The New York City
Police Department's Building Maintenance
Section,

Defendants.

23-CV-521 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court has reviewed the settlement agreement in this FLSA collective action suit. The proposed settlement includes service awards of $25,000 to the two named plaintiffs who brought the litigation, $20,000 for a plaintiff who "corroborat[ed] unpaid night-shift differentials" and suffered "potential retaliation," and $15,000 to two plaintiffs whose participation revealed the "systemic" nature of defendant's alleged wage and hour violations. Dkt. 222 at 12–13.

When evaluating lead plaintiff awards, a court must consider whether the award is justified by a named plaintiff's "special circumstances." *Matheson v. T-Bone Rest., LLC*, 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011) (quoting *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 201 (S.D.N.Y. 1997)). "Special circumstances" include personal expense, personal and professional risks incurred, individual harm, or substantial contribution to the litigation. *Texaco*, 979 F. Supp. at 200. As the size of the approved award gets larger, the award is typically supported by distinctive circumstances and efforts by named plaintiffs that are documented in the record. *See, e.g., Duchene v. Michael Cetta, Inc.*, 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009).

When the record is lacking, courts in this district often revise the proposed service award downward. *See, e.g., James v. China Grill Mgmt., Inc.*, 2019 WL 1915298, at *3 (S.D.N.Y. Apr. 30, 2019) (Plaintiff's submissions did not "detail the specific work performed and particular circumstances of each named plaintiff."). And awards are still sometimes revised down even when there is a record showing that named plaintiffs invested meaningful time into the matter and realized personal and professional risks. *See Mateer v. Peloton Interactive, Inc*, 2024 WL 1054983, at *2 (S.D.N.Y. Mar. 4, 2024) (revising two $25,000 awards down to $21,500).

The Court notes that plaintiffs have not made these types of showing thus far. They assert that the lead plaintiffs provided and corroborated evidence and supported counsel, Barros Decl. ¶¶ 35–45, but no information is provided as to how they did so or how long they spent doing so. Indeed,

it's not apparent from plaintiffs' submission how long the named plaintiffs worked for the defendant, or who of the named plaintiffs, if any, still work for the defendant—information that would be helpful to understand the risks named plaintiffs bore.

The court is mindful that service awards serve important functions. They incentivize those who may have valid claims to commence worthwhile lawsuits; they reward those who shoulder the burdens of litigation; and they compensate those named plaintiffs who suffer personal or professional harms because of their involvement. Accordingly, rather than revise these awards downward, as has been done before in this district, the Court elects to provide plaintiffs an opportunity to submit further information that supports the reasonableness of the proposed service awards.

Plaintiffs are ORDERED to submit a letter detailing why the proposed service awards are reasonable within 14 days.

SO ORDERED.
Dated: June 25, 2026
      New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2