UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Reilly et al.,

Plaintiffs,

-against-

The City of New York; The New York City Police Department's Building Maintenance Section,

Defendants.

23-cv-521 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Before the Court is a settlement agreement between the parties in this Fair Labor Standards Act (FLSA) case. The case was brought by 97 current and former trade workers who were assigned to work in the Building Maintenance Section of the NYPD who alleged a series of FLSA violations: overtime work without pay, unpaid pre- and post-shift work, unpaid work during meal breaks, and failure to pay additional wages as required by a collective bargaining agreement. While summary judgment briefing was pending, the parties reached an agreement and now would like to settle the case.

To do so they require this Court's approval. In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

The key terms of the settlement are:

- Back wages of $1,250,000 to be split amongst the plaintiffs
- Liquidated damages of $1,250,000 to be split amongst the plaintiffs
- Attorneys' fees of $478,237 to be paid to the lawyers for the plaintiffs

Of course, not all of the back wages and liquidated damages will go to the plaintiffs. Before that money is divided among the collective, the attorneys and the named plaintiffs will take cuts. As far as the attorneys' fees go, the parties agreed that a third (33.33%) of the total settlement will go to plaintiffs' lawyers. In total, that adds up to $992,646.39, of which $478,237 comes from the fee provision and the remaining $514,409.39 comes from the liquidated damages pot. Then another $72,962.02 of the liquidated damages goes to reimburse attorney-advanced expenses and a further $100,000 goes to the five named plaintiffs. That leaves $1,812,628.59 for the plaintiffs, with $1,250,000 coming from back wages and $562,628.59 coming from liquidated damages.

## I. The settlement is fair

The Court begins by asking whether the settlement is fair. When evaluating the fairness of a settlement agreement, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (quotations omitted).

These factors are satisfied here. First, plaintiffs estimated the total damages before settlement at $8,621,765, provided that they could show willful violations. Dkt. 222-3 ¶ 17. The total value of this settlement is 35% of that figure, and the amount going to plaintiffs is 21% of it. This is consistent with what courts in this district have previously approved. *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (plaintiff recovery was 20% of total damages). And that's the top of the range—defendants' expert estimated the total damages at $1,570,296, a number *below* what plaintiffs are recovering here. Dkt. 222-1, 7. Given the uncertainty about the ultimate damages that would be awarded, the wide possible range of recovery satisfies factor (1).

Next, settling this case is likely to avoid the burdens of going to trial. This case was careening to a trial on some issue or another—defendants' motion for summary judgment was partial, and so the alternative to settling would be to see the case through to trial. *See Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) ("In light of … the seriousness of the litigation risks, and the burdens of establishing each party's case at trial, the Court finds that the proposed settlement amount is fair and reasonable."). So factor (2) is satisfied. And so is factor (3), the seriousness of the litigation risk, as this case was litigated energetically by plaintiffs. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (quoting *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

Finally, the parties employed a private mediator to help them reach the decision, and the bargaining process took about a year. The settlement therefore appears to be the product of arms-length negotiation, factor (4), and evidence does not suggest fraud or collusion, factor (5). Because the proposed settlement satisfies all the *Wolinsky* factors, the Court finds it to be fair.

## II. The requested fees and costs are reasonable

"[I]f attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600. Plaintiffs seek approval of $992,466.39 in fees plus $72,962.02 in costs. First, costs. When evaluating fee requests, district courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563

U.S. 826, 838 (2011). Plaintiffs request that the settlement cover half of the bill for forensic accounting services. The Court finds that plaintiff's requested costs are well documented in the record and "reasonable, incidental, and necessary to the representation of" the collective in this action. *Fisher*, 948 F.3d at 601. The costs are accordingly reasonable.

Second, attorneys' fees. While plaintiffs say they request 33.33% of the settlement, the typical award in FLSA cases in this district, *see Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015), this calculation is incorrect. The proper calculation is the requested fee divided by the "settlement *net* of costs." *Id.* Subtracting $172,962.02 from $2,978,327 yields $2,805,364.98. Provided that new denominator, plaintiffs actually request 35% in fees. That is in line with awards approved in this district. *See, e.g., Uribe v. Presitge Car Care of NY Inc.*, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023) (approving fee of 36%).

While reasonableness is the touchstone when evaluating a proposed fee award, courts in this district tend to be skeptical of percentage awards larger than 33.33% of the settlement net of costs. *See Hawkins v. Hagler*, 2025 WL 1024522, at *3 (S.D.N.Y. Apr. 7, 2025). Before approving such awards, these courts have asked whether "unusual" or "special circumstances" exist. *Id.* The Court is satisfied that the requested fee award passes muster under this more restrictive analysis. Plaintiffs successfully certified an FLSA collective, which grew to nearly 100 plaintiffs. This case involved substantial motion practice and went through discovery. And it settled en route to trial for a significant portion of plaintiffs' maximum recovery. Taken together, these factors distinguish this settlement from "straight-forward FLSA cases that settle before much discovery is done or any motion practice takes place." *Id.*; *see also Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) ("'[T]he most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." (quotation omitted)).

To confirm the apparent reasonableness of a proposed fee award, courts in this district will often cross check the outcome of the percentage method using the lodestar method. *Hawkins*, 2025 WL 1024522, at *4. Under that method, courts multiply the hours reasonably spent on the litigation by the party seeking fees with the party's reasonable hourly rates. *Id.* If the resulting figure is less than the figure generated by the percentage method, a court may consider whether a multiplier is warranted based on factors "such as the risk of the litigation and the performance of the attorneys." *Mateer v. Peloton Interactive, Inc.*, 2024 WL 1055009, at *2 (S.D.N.Y. Feb. 9, 2024). "Courts regularly award lodestar multipliers from two to six times lodestar." *Brennan*, 2011 WL 4357376, at *20 (collecting cases).

Plaintiffs' attorneys spent 1281.5 hours on this matter. Their submitted hourly entries do not suggest duplicative, inefficient work, are relatively specific, and are in line with what is expected for litigation of this magnitude. The Court therefore finds their hours reasonable. Turning to their hourly rates, plaintiffs put forward $650 for partners Jon Norinsberg and Bennitta Joseph, $550 for other partners, $450 for senior associates, $400 for temporary outside counsel, and $200 for paralegals. These hourly rates are, at best, at the upper end of what is reasonable for an FLSA action. *See Vargas Garcia v. Park*, 2019 WL 6117596, at *4 (S.D.N.Y. Nov. 18, 2019) ("[H]ourly

rates of $600 or more for attorneys handling FLSA-related actions in this judicial district are uncommon, and are at the higher side of the range of hourly rates approved by courts in this judicial district." (quotation omitted)). The Court also notes that Mr. Norinsberg proposed an hourly rate of $500 in an FLSA case less than a year ago, which was reduced to $400. *See Albim v. 1656 Wireless Inc.*, 2025 WL 2791384, at *12 (E.D.N.Y. Sep. 8, 2025).

However, even if the Court were to revise plaintiffs' counsel's hourly rates downwards and recalculate the lodestar, the resulting multiplier would still fall well within the two to six times range noted in *Brennan*. For example, if plaintiff's proposed blended hourly rate of $450 were revised downwards to $300, the multiplier would be 2.58. That would be an appropriate multiplier given the nature of the present litigation. *See Lesser v. TIAA Bank, FSB*, 2020 WL 6151317, at *4 (S.D.N.Y. Oct. 20, 2020) ("Where, as here, counsel have negotiated a fair settlement for a large group of plaintiffs and claimants, there is nothing unreasonable about a lodestar multiplier [of 2.013 to 2.685]."). Accordingly, plaintiffs' requested attorneys' fees are reasonable.

**III. The requested service awards are reasonable**

Plaintiffs also seek service awards for named plaintiffs. The proposed settlement includes service awards of $25,000 for John Reilly and Patrick DeRosa, $20,000 for Adolfo Redillo, and $15,000 for Sean O'Brien and Aloko Khan. When evaluating such awards, a court must consider whether the award is justified by a named plaintiff's "special circumstances." *Matheson v. T-Bone Rest., LLC*, 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011). "Special circumstances" include personal expense, personal and professional risks incurred, individual harm, or substantial contribution to the litigation. *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 201 (S.D.N.Y. 1997).

These individual awards are reasonable. First, the fee awards are, together, 3.4% of the settlement net of costs, which is a reasonable overall percentage. *See Mills v. Cap. One*, 2015 WL 5730008, at *18 (S.D.N.Y. Sept. 30, 2015) (collecting cases approving of award values up to 9.1% of FLSA settlements). Second, the individual awards are comparable to awards granted by courts of this district. *See Mangahas v. Eight Oranges Inc.*, 2025 WL 3033658, at *16 (S.D.N.Y. Oct. 30, 2025) (collecting cases approving individual awards up to $45,000). Third, each named plaintiff has special circumstances supporting the reasonableness of his individual award. Mr. Reilly and Mr. DeRosa initiated the litigation, helped the potential collective in advance of court-authorized notice, assisted with discovery and summary judgment, and participated in meditation. Reilly Decl. ¶¶ 6, 32; DeRosa Decl. ¶ 32. Mr. Reilly and Mr. DeRosa spent 170 and 155 hours, respectively, on the litigation. Reilly Decl. ¶ 32; DeRosa Decl. ¶ 32. Mr. Redillo spent 105 hours assisting with litigation, and saw his performance evaluations lowered as a result of his public participation in the suit. Redillo Decl. ¶¶ 13–15, 32. Mr. O'Brien and Mr. Khan spent 100 and 60 hours, respectively, on the litigation. O'Brien Decl. 31; Khan Decl. ¶¶ 29. Importantly, all named plaintiffs worked for the Building Maintenance Section of the NYPD throughout the case and continue to do so. In light of the professional risk they incurred and their substantial contributions to the litigation, the Court finds these awards reasonable.

## CONCLUSION

For these reasons, the Court approves the settlement and dismisses the FLSA claims with prejudice.

The Clerk of Court is respectfully directed to terminate Dkts. 222, 224, and 227 and to close this case.

SO ORDERED.

Dated: August 3, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge